UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BRADSHAW,<br><br>        Plaintiff,<br><br>v.<br><br>DONALD TRUMP,<br><br>        Defendant. | Case No. 1:18-cv-01415-DAD-EPG<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM AND THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED**<br><br>(ECF Nos. 1, 2)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

I. BACKGROUND

On October 12, 2018, Gary Bradshaw ("Plaintiff"), proceeding *pro se*, commenced this action by filing a Complaint against Donald Trump, the President of the United States of America. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis*. (ECF No. 2).

II. APPLICATION TO PROCEED IN FORMA PAUPERIS

A civil action may proceed despite a failure to prepay the entire filing fee only if the party initiating the action is granted leave to proceed *in forma pauperis*. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The decision whether to grant leave to proceed *in forma pauperis* is in the sound discretion of the court. *See Calif. Men's Colony v. Rowland*, 939 F.2d

1

854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).

In applying to proceed *in forma pauperis,* a party must submit an affidavit that "state[s] the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) ("The right to proceed in forma paupers is not an unqualified one. It is a privilege, rather than a right"). The party "need not be absolutely destitute to obtain benefits of the *in forma pauperis* statute." *Id.* at 725. Nevertheless, the affidavit must show that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Escobedo*, 787 F.3d at 1235 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Here, Plaintiff fails to demonstrate that he is unable to pay the court's filing fee due to poverty or indigence. Plaintiff submits an incomplete affidavit that does not indicate his assets with particularity, definiteness, and certainty. Accordingly, Plaintiff's application to proceed *in forma pauperis* is denied.

## III. SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of an *in forma pauperis* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must dismiss the complaint. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

Here, Plaintiff's Complaint is devoid of any allegations. The Complaint consists of exhibits with indecipherable scribbles. Accordingly, it fails to state a claim on which relief may be granted.

**IV. CONCLUSION AND RECOMMENDATIONS**

The Court finds that Plaintiff fails to set forth his assets with sufficient particularity to show that he is unable to pay the required filing fee. Moreover, Plaintiff fails to state any claim on which relief may be granted as the Complaint is devoid of any allegations. Accordingly, the Court HEREBY RECOMMENDS that:

1. Plaintiff's application to proceed pursuant to 28 U.S.C. §1915 be DENIED;
2. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), this action be DISMISSED based on Plaintiff's failure to state a claim on which relief may be granted; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the

court. Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**October 16, 2018**__  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE